**BABENCO DEVELOPMENT CO., INC.**

v.

**The UNITED STATES.**

No. 263–86C.

United States Claims Court.

Oct. 25, 1988.

Jonathan D. Schwartz, Jr., El Paso, Tex., for plaintiff.

John E. Kosloske, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for the defendant. Lloyd R. Crosswhite, Asst. Dist. Counsel, Fort Worth Dist., Corps of Engineers, Dept. of the Army, of counsel.

## OPINION

MARGOLIS, Judge.

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), the plaintiff, Babenco Development Company, Inc. (Babenco), seeks attorney's fees and expenses incurred in bringing an action against the United States for $913,255 in damages that ultimately settled for $175,-000 plus interest. Plaintiff alleges that it is a "prevailing party" under the EAJA and that the position of the United States was not substantially justified. Plaintiff seeks an award of $65,651.08: $47,758.26 in attorney's fees and expenses and $17,892.82 in costs.

Defendant argues that even if Babenco qualifies as a prevailing party, the government's position was substantially justified. After a careful review of the record, but without hearing oral argument, the plaintiff's application for attorney's fees and expenses is denied.

## FACTS

On July 13, 1986, Babenco entered into Contract No. DACW63–82–C–0109 with the Department of the Army, Fort Worth District Corps of Engineers, for the replacement of the High Explosives Development Machining Facility, Pantex Plant, 20 miles outside of Amarillo, Texas. The parties agree that work on the facility commenced on August 9, 1982 and that the facility was substantially completed on September 25, 1984.

By letter dated October 19, 1984, Babenco presented fourteen separate claims seeking an equitable adjustment in the contract totaling $913,255. The claims varied in amount from $3,000 to nearly $300,000. On January 27, 1986, the contracting officer issued a seventy-nine page final decision denying plaintiff's request for an equitable adjustment. Plaintiff then filed suit in the United States Claims Court challenging the contracting officer's final decision.

On September 17, 1987, the defendant filed a partial motion for summary judgment relating to five of Babenco's fourteen claims. On September 25, 1987, this court, finding that genuine issues of material fact existed with respect to these five claims, denied the defendant's motion for partial summary judgment.

Shortly before trial, the parties engaged in settlement negotiations on October 2, 1987, in Washington, D.C. During the settlement conference, the parties reached an agreement to enter judgment in favor of the plaintiff in the amount of $175,000 plus interest to accrue from October 1, 1986. The settlement agreement expressly provided that this amount was exclusive of the payment of costs, attorney's fees, and expenses. In accordance with the settlement agreement, the court granted the parties' stipulation for dismissal on December 4, 1987.

## DISCUSSION

As stated in *Eastern Marine, Inc. v. United States*, 10 Cl.Ct. 184, 186 (1986):

The Equal Access to Justice Act [EAJA] was first enacted in 1980 with a sunset date of October 1, 1984. The purpose of the Act was to ensure that certain individuals and small businesses would not be deterred from seeking review of, or defending against, unjustified government action because of the expense involved in securing vindication of their rights. The EAJA expired as scheduled, but was retroactively revived, modified, re-enacted and made permanent by the passage of H.R. 2378 signed by the President on August 5, 1985.

■ The standard for recovery under the EAJA is that a qualified "prevailing party" can recover attorney's fees and expenses unless the United States can show that its position, both at the agency level and during litigation, was "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

■ Although this case settled prior to trial, plaintiff does qualify as a "prevailing party" within the meaning of the EAJA. While the EAJA does not define "prevailing party," in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed. 2d 40 (1983), the United States Supreme Court noted that a "typical formulation" of this threshold determination is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Further, it has been established that a party may be deemed "prevailing" under EAJA if it obtains a favorable settlement of its claim. *St. Paul Fire & Marine Insurance Co. v. United States*, 4 Cl.Ct. 762, 766–67 (1984). Therefore, under these generous standards, Babenco qualifies as a prevailing party.

Having found that Babenco qualifies as a prevailing party, the next inquiry is whether the government has met its burden of proving that its position was "substantially justified." The Supreme Court recently interpreted the meaning of "substantial justification" and concluded that the proper standard was whether the government's position had a reasonable basis both in law and fact. *Pierce v. Underwood*, —— U.S.

——, 108 S.Ct. 2541, 2549–51, 101 L.Ed.2d 490 (1988). The Court stated that the government's position must be " 'justified in substance or in the main'—that is, justified to a degree to satisfy a reasonable person." *Id.* 108 S.Ct. at 2550.

Further, the 1985 amendments to the EAJA require courts to ensure that the government meets this standard both at the agency level and during litigation. Pub.L. No. 99–80, § 2, 99 Stat. 185 (codified at 28 U.S.C. § 2412(d)(2)(D)). In conducting such an inquiry, the court will look to "all the pertinent facts of the case," instead of any one single factor. *Essex Electro Engineers, Inc. v. United States,* 757 F.2d 247, 252–53 (Fed.Cir.1985).

This determination becomes difficult when a case settles prior to trial. In such a case, the court does not have the opportunity to witness a full airing of the evidence. The court also does not have the benefit of a decision that indicates on which claim or claims the plaintiff actually prevailed and to what extent.

■■■ A contractor's recovery on a claim does not automatically entail recovery of attorney's fees and expenses upon application. *Gava v. United States,* 699 F.2d 1367, 1370 (Fed.Cir.1983). The mere fact that the plaintiff was the prevailing party does not raise a presumption that the defendant's position was not substantially justified. Nor does that fact require the government to establish its decision to litigate was based on a substantial probability of prevailing. H.R.Rep. No. 1418, 96th Cong., 2d Sess., 11, *reprinted in* 1980 U.S. Code Cong. & Ad.News 4953, 4984, 4990.

In determining whether the government's position was substantially justified, courts have looked to whether the government cooperated in resolving the litigation, or whether the government departed from established policy in such a way to single out a particular party. *Essex Electro Engineers,* 757 F.2d at 253–54. This court has also considered time factors in determining whether a litigation position was substantially justified. *Greenberg v. United States,* 1 Cl.Ct. 406, 408 (1983).

■■ After careful consideration of the facts and circumstances surrounding the case, the court finds that the government's position at the agency level was substantially justified. The record before the court demonstrating what was presented to the agency, and the contracting officer's decision denying the claim, support a finding that the agency's denial of Babenco's claims was reasonable. Specifically, the court notes that the contracting officer's seventy-nine page final decision regarding Babenco's fourteen claims was supported by meticulous references to thirty-eight volumes of exhibits. The decision was timely, and there are no allegations of improprieties. Review of the record indicates that for each of the fourteen claims there existed genuine issues of material fact, both as to the liability of the government and also to the amount of damages alleged. Therefore, the court finds that the government had a reasonable basis for denying Babenco's claims. Given these circumstances and the purposes of the EAJA, the court holds that Babenco is not entitled to attorney's fees for the actions taken by the government at the agency level.

■■ The court also is unable to award plaintiff attorney's fees for the position taken by the government at the litigation stage of these proceedings. In its application for attorney's fees and expenses, plaintiff essentially argues that the government's position was not substantially justified because the defendant allegedly could have settled the case much earlier than it did. Plaintiff argues that the government possessed, both prior to and immediately after suit was initiated, sufficient information to assign the case a settlement value, thereby allowing an expeditious settlement of the case. Accordingly, plaintiff argues, the government's eighteen month delay in reaching settlement was unreasonable.

The court finds this argument unpersuasive. This was a very complex case with a great many factual disputes. This is not a case where, having strung out the litigation over an inordinate period, the government then capitulates by agreeing to give the plaintiff essentially all of the relief

sought in the complaint. The government did not employ any dilatory tactics and the case progressed rapidly through discovery towards trial. At the urging of this court, the parties entered into settlement negotiations, but without success. Shortly thereafter, the parties requested the court to participate in settlement discussions.

Following the court's denial of the government's motion for partial summary judgment, and with the court's participation in the settlement discussions, the government agreed to settle the case for approximately one-fifth of the amount sought in the complaint. Moreover, it was not until the October 2, 1987 settlement conference that plaintiff agreed to this figure. The court also notes that, in reviewing the record pursuant to the government's motion for partial summary judgment and the subsequent settlement conference, even assuming that at trial the government had been found liable with respect to some of Babenco's claims, serious factual questions remained with respect to the actual value of Babenco's alleged damages.

Because this case was never tried, this court must rely on the allegations of the parties concerning the facts underlying the case. The government made convincing arguments for denying each of the fourteen claims. Accordingly, the court does not believe that this is a case where the government unjustifiably refused to settle earlier than it did.

## CONCLUSION

For the foregoing reasons, plaintiff's application for attorney's fees, expenses, and costs pursuant to the EAJA is denied. No costs.