**LEVERNIER CONSTRUCTION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 531–87C.

United States Claims Court.

Oct. 30, 1990.

Vacated in Part on Reconsideration Jan. 8, 1991.

Patrick A. Sullivan, Spokane, Wash., attorney of record for plaintiff.

John E. Kosloske, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## OPINION

REGINALD W. GIBSON, Judge.

### Introduction

This case comes before the court on plaintiff's application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1988 ed.), and defendant's opposition thereto. On July 3, 1989, the parties stipulated to the entry of judgment in favor of plaintiff in the amount of $305,552, in full settlement of plaintiff's claim arising out of a construction contract. This settlement was "*exclusive of any fees and expenses* to which plaintiff may be entitled under the Equal Access to Justice Act" (emphasis added).

As an initial matter, and to prevail, plaintiff *must* show that it meets the eligibility requirements of the EAJA, *infra.* If plaintiff shows that it is eligible, defendant must then show that its position was substantially justified or that special circumstances exist which would make an award unjust, in order to preclude an EAJA award. On the other hand, if defendant fails to show that an award would be improper, the final step in the analysis is the determination of the amount of the award.

## Facts

Plaintiff Levernier Construction, Inc. (Levernier) [1] contracted with the United States Air Force (Air Force), under contract no. F45613–84–C0024, to build a new commissary facility at Fairchild Air Force Base, Washington. The contract was for a firm fixed price of $7,633,000. During the construction, numerous disputes arose concerning compensation for extra work, rework, alleged defective specifications, and increased costs due to delays allegedly caused by the government.

On February 10, 1986, Levernier submitted a detailed request for an equitable adjustment to the contracting officer, seeking an additional $884,597. The submission was prepared by a consulting firm specializing in construction contract claims, and contained 23 separate claims grouped into seven categories. In a perfunctory final decision rendered October 30, 1986—a decision which merely recited the amount sought for each claim and the amount allowed—the contracting officer awarded Levernier $141,142.

On August 26, 1987, plaintiff appealed the contracting officer's decision to this court under the Contract Disputes Act, 41 U.S.C. § 609(a)(1). In its initial complaint, plaintiff prayed for $839,998. One month after the time allowed for filing an answer, defendant answered the complaint, asserting categorical denials and a lack of knowledge sufficient to form a belief as to the truth of the allegations in the complaint. Thirty-three days later, the parties stipulated to the filing of an amended complaint, which defendant duly answered.

On October 30, 1988, defendant filed a motion under RUSCC 37(a), seeking an order compelling plaintiff to respond to certain interrogatories and requests for production of documents. Counsel resolved the dispute amicably, and the motion to compel was withdrawn as moot.

On March 7 and 8, 1989, two attorneys accompanied Bernard and Paul Levernier to Washington, D.C., from Spokane, Washington, for settlement negotiations. The attorneys were Patrick A. Sullivan, attorney of record for Levernier and a partner in a Spokane, Washington law firm, and his associate, Pamela J. DeRusha. The four met with the attorney of record for the United States, who was accompanied by counsel for the Air Force.

The settlement talks proved fruitful, and on July 3, 1989, the parties filed a stipulation for the entry of judgment in favor of plaintiff in the amount of $305,552. Under the stipulation, as previously underscored, the judgment was to be "exclusive of any fees and expenses to which plaintiff may be entitled under the Equal Access to Justice Act, 28 U.S.C. § 2412." Accordingly, the judgment was entered on July 10, 1989, "exclusive of any fees and expenses to which plaintiff may be entitled under the Equal Access to Justice Act." On August 4, 1989, plaintiff filed the present application for attorney fees and expenses under the EAJA, seeking $60,633 in attorney fees, $43,170.86 in consulting fees, and $10,542.99 in expenses, or a total of $114,346.85.

## Contentions of the Parties

### Plaintiff

Plaintiff alleges that it is the prevailing party, that its net worth and number of employees are below the statutory limit, and that the government's position was not substantially justified. Plaintiff also asks the court to award it $43,170.86 in consulting fees, even though virtually all of those fees were incurred in the proceedings before the contracting officer. Further, plaintiff asserts that due to Mr. Sullivan's expertise in government construction contract law, an attorney fee greater than the statutory cap of $75 per hour should be awarded. Finally, plaintiff asks the court to adjust upwardly the attorney fee award, to account for an increase in the cost of living since the enactment of the EAJA.

---

**1.** Levernier Construction, Inc. is the successor entity to Levernier–Shea Construction, Inc., the original party to the contract.

*Defendant*

Defendant does not seriously argue that plaintiff is not entitled to any EAJA award. However, defendant does assert that it was substantially justified as to those claims which settled for $0, or alternatively, that plaintiff did not prevail within the meaning of the EAJA with respect to those claims which settled for $0. Defendant asks the court to award, at most, 36.4% (*i.e.*, $305,552 divided by $839,998) of the amount sought in the EAJA application, to reflect the fact that the case settled for 36.4% of the amount sought in the amended complaint. In addition, defendant asks the court to reduce the award further from the amount sought, arguing that: (i) plaintiff cannot recover fees and expenses connected to preparing a response to the government's motion to compel; (ii) plaintiff cannot recover fees and expenses incurred during the proceedings before the contracting officer; (iii) the hourly rate claimed herein for attorneys is too high; (iv) photocopying expenses are not recoverable; (v) the Leverniers' travel expenses to Washington, D.C. to participate in settlement negotiations are not recoverable under the EAJA; (vi) the cost of Ms. DeRusha's travel to Washington, D.C. to participate in the settlement negotiations is not recoverable; (vii) some of the attorney time is insufficiently documented, and thus, is not recoverable; (viii) plaintiff cannot recover fees and costs relating to the preparation of the EAJA application, since the government's opposition to it is substantially justified; and (ix) plaintiff has not made a sufficient showing to justify exceeding the statutory cap of $75 per hour for attorney fees.

### Scope of the Court's Opinion

█ This case requires the court to determine—(i) the extent to which a party obtaining money in settlement of its claim against the United States should be considered to have "prevailed" for purposes of the EAJA; (ii) what items are properly included in an EAJA award for "fees and other expenses"; and (iii) the appropriate rate for attorney fees.

*Discussion*

### A. Entitlement to an EAJA Award

Levernier's entitlement to an EAJA award pursuant to 28 U.S.C. § 2412 is governed by the following statutory provisions:

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

\*    \*    \*    \*    \*    \*

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were com-

puted. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

(C) The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

(2) For purposes of this subsection—

(A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees ... [but] attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

\* \* \* \* \* \*

(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based....

■ Levernier is a "prevailing party" within the meaning of the statute, notwithstanding the fact that the case settled. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (construing fee-shifting provision of Civil Rights Act, court defines "prevailing party" as one who succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit); *Babenco Development Co. v. United States*, 15 Cl.Ct. 637, 639 (1988) (govern-

ment contractor who settled case by stipulation for entry of judgment "prevailed" for purposes of EAJA); *Keyava Constr. Co. v. United States*, 15 Cl.Ct. 135 (1988) (same).

A notarized statement, executed by Levernier's accountant, indicates that Levernier's net worth was below the statutory limit of $7,000,000, and that its number of employees was below the statutory limit of 500 employees, when the civil action was filed. 28 U.S.C. § 2412(d)(1)(B). Additionally, Levernier's EAJA application was timely filed. 28 U.S.C. § 2412(d)(2)(B). Consequently, the court finds that subject to the efficacy of the further allegation that defendant's position was not substantially justified, and given the above, Levernier is eligible for an EAJA award.

■ To rebut the foregoing, the government has the burden of showing, on the other hand, that its position was substantially justified, or that special circumstances exist making an award unjust. *Gavette v. Off. of Personnel Management*, 808 F.2d 1456, 1465 (Fed.Cir.1986); *Essex Electro Engineers, Inc. v. United States*, 757 F.2d 247 (Fed.Cir.1985). "Substantially justified" has been construed by the Supreme Court to mean " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Put another way, the government's position must have had a "reasonable basis both in law and in fact." *Id.*

■ The government has thoroughly failed in its burden to *affirmatively* show or explicate on this record that its position was substantially justified, either legally or factually. In fact, the record upon which the court must make its EAJA determination consists of only the complaint and answer, an amended complaint and answer, defendant's motion to compel discovery (later withdrawn as moot), a stipulation for entry of judgment, plaintiff's EAJA application, and related briefings of the parties thereon. Simply put, defendant has failed to make *any* arguments to the court re-

garding the merits of its defensive position with respect to the issue of substantial justification. Moreover, at the administrative level, the contracting officer's decision is primarily conclusory, and offers little legal or factual justification for the defendant's position. *See* 28 U.S.C. § 2412(d)(2)(D) ("position of the United States" includes the agency action upon which the civil action is based); *Keyava Constr. Co.*, 15 Cl.Ct. at 137–138 ("position of the United States" includes decision by contracting officer).

Further, the defendant has failed to explain why nearly three and one-half (3½) years passed between the time plaintiff first submitted a detailed claim to the contracting officer, and the government's agreement to a settlement for $305,552. Defendant claims that it was substantially justified with respect to those items settled for $0; however, the court will not second-guess the motives of plaintiff for agreeing to assign a dollar figure of 0 to some items in its claim.

Finally, the government has failed to show, or even allege, that special circumstances exist which would make an award unjust.

### B.  Amount of the Award

Plaintiff can recover only those fees and expenses that are reasonable and which were necessarily incurred. 28 U.S.C. § 2412(d)(2)(A). It should be noted that plaintiff, perhaps inadvertently, waived its right to pursue a claim for *costs under 28 U.S.C. § 2412(a)* when it entered into the stipulation on the merits, *supra*. This is readily apparent because there the stipulation reserved the right to pursue a claim *only* for "fees and expenses" under the EAJA. *See Bennett v. Dep't of the Navy*, 699 F.2d 1140, 1144 (Fed.Cir.1983) (for purposes of the EAJA, "costs" and "expenses" are not synonymous, but are words of art); *Keyava Constr. Co.*, 15 Cl.Ct. at 140 (contractor who stipulated to entry of judgment in settlement of claim, who reserved right to pursue claim for "attorney fees and expenses," waived its right to pursue claim for "costs").

By advancing numerous grounds, the government has asked the court to reduce the award from the amount sought in plaintiff's application. The court will consider each of the government's points in turn.

### 1.  Pro-rating the award

■ The court rejects the government's argument that the EAJA award should be pro-rated to reflect the fact that the case settled for approximately 36% of the amount initially sought. The amount realized in a settlement is based upon each side's assessment of its probability of success, each side's desire to avoid further delays and costs associated with litigation, the bargaining power of the parties, plaintiff's financial condition, plaintiff's desire to have a sum certain now, rather than a potentially larger (or potentially smaller) sum at an indefinite time in the future, and many other factors. The fact that subject case settled for about 36% of the amount originally sought in no way leads inescapably to the conclusion that plaintiff "prevailed" only to the extent of 36%, or that the government was "justified" to the extent of 64%. Arguably, 100% of the time and money spent was reasonable and necessary to achieve settlement in the amount agreed upon.

Nevertheless, defendant urges the court to apply the pro-rata approach used in *Esprit Corp. v. United States*, 15 Cl.Ct. 491, 493–494 (1988). There, the court *reached the merits*, and *ruled for the defendant* on eight of eleven claims; since the attorney's records in that case did not make clear how much time was spent on each claim, the court awarded three-elevenths (³⁄₁₁ths) of the attorney fees and expenses sought to plaintiff. In contrast, the court cannot say that the government "prevailed" on any claim in the present case where as here plaintiff achieved more than limited success but in fact substantial relief.

### 2.  Defendant's motion to compel

■ Plaintiff is entitled to fees and expenses connected to preparing plaintiff's response to the *government's* motion to compel, even though the response was nev-

er filed. The court may reduce the award to the extent that a party unduly and unreasonably protracted the final resolution of the matter in controversy. 28 U.S.C. § 2412(d)(1)(C). However, because the motion to compel was withdrawn as moot after the parties worked out the dispute amicably, the court has no basis for concluding that plaintiff unreasonably protracted the proceedings by initially failing to respond to the government's discovery requests.

In short, the court cannot say on this record that Levernier was not justified in failing to respond to the discovery requests. Moreover, the fact that defendant filed a motion to compel does not, *ipso facto*, indicate that plaintiff unduly or unreasonably protracted the proceedings absent a specific and persuasive showing. It is just as plausible to assume that some or all of the government's discovery requests were improper as it is to assume that Levernier's initial refusal to comply with the requests was improper. Discovery disputes are a common element in the litigation of compromise, and perhaps Levernier's refusal should not be viewed as transgressing subparagraph (d)(I)(C), *supra*.

### 3. Proceedings before the contracting officer

■ This court has held that attorney fees incurred during the proceedings before the contracting officer are *not* recoverable. 28 U.S.C. § 2412(d)(1)(A); *Cox Constr. Co. v. United States*, 17 Cl.Ct. 29, 33 (1989); *Keyava Constr. Co.*, 15 Cl.Ct. at 138. In this case, the contracting officer issued his final decision on October 30, 1986, triggering plaintiff's right to bring suit in the Claims Court. Thus, attorney fees incurred *prior* to October 31, 1986 are not recoverable.

■ Generally, paralegal and law clerk fees are recoverable as "fees and other expenses" under the EAJA. *See Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 2470–2472, 105 L.Ed.2d 229 (1989) (for purposes of fee-shifting provision of the Civil Rights Act, "reasonable attorney fee" includes fees for services of paralegals and law clerks, billed at market rate, not mere-

ly at the cost to the attorney); *Kunz Constr. Co. v. United States*, 16 Cl.Ct. 431, 439–440 (1989), *aff'd*, 899 F.2d 1227 (table) (Fed.Cir.1990) (paralegal fees at market rate recoverable under the EAJA). *Accord Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir.1988), *aff'd* (without comment on the market rate issue) *sub nom Immigration & Nat. Serv. v. Jean*, — U.S. —, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). At bar, Levernier claimed $1,611 in expenses for law clerks. However, there were no law clerk expenses incurred *in the civil action, i.e.*, all of the law clerk time claimed was spent prior to the date of the contracting officer's final decision. Therefore, Levernier can only recover paralegal and law clerk fees incurred *after* October 30, 1986. The law clerk fees incurred from and prior to October 30, 1986, as a consequence, are not recoverable.

### 4. Consulting fees

The efficacy of plaintiff's claim for consulting fees presents two distinct questions. First, to what extent can consulting fees incurred for the preparation of the documented claim submitted to the contracting officer be recovered, where such fees *would also have been incurred* in the Claims Court litigation had they not been incurred earlier? Secondly, can consulting fees be properly allowed where the consultant's purported substantiating itemized statement contains only broad, vague and summary entries as to categories of activities performed with no specific time allotted to each category?

■ Pursuant to 28 U.S.C. § 2412(d)(1)(A), allowable "fees and other expenses ... incurred by that party in any civil action" include the reasonable expenses of expert witnesses, as well as the reasonable cost of any study, analysis or project which is found by the court to be "necessary for the preparation of the party's case," as defined in 28 U.S.C. § 2412(d)(2)(A). Defendant argues that virtually all of the consulting fees were incurred *during the proceedings before the contracting officer* and are not recoverable because they were not incurred in a

"civil action." In that connection, defendant relies on *Cox Constr. Co. v. United States*, 17 Cl.Ct. at 33, where the court stated that the EAJA permits recovery of fees and expenses incurred in a civil action or an agency adversary adjudication, but "does not permit recovery of fees and expenses attendant to plaintiff's 'prosecution of its certified claim before the contracting officer'" (*quoting Keyava Constr. Co.*, 15 Cl.Ct. at 138).

However, the court in *Cox Constr. Co.* did not explicitly address the issue presented in *this* case, namely, whether Levernier can recover the consultant's fee because the fee was *necessary for the preparation of Levernier's civil case*, regardless of when it was incurred. Levernier points out that although the consultant prepared a *detailed claim* for presentation to the contracting officer, that same material prepared for use initially at the administrative level was, for a stronger reason, of imperative use in the civil litigation.

The court is satisfied that the logic of plaintiff's position is thoroughly consistent with the statute. An inflexible rule that disallowed the recovery of reasonable consultant fees for a report which first is utilized at the administrative level but is an absolute necessity in proceeding in the civil action, merely because the fees were incurred in preparing a claim to be initially asserted to the contracting officer, might discourage contractors from presenting such professional and detailed claims. This, in turn, would have the adverse result of generating fewer settlements at the administrative level. For reasons of efficiency, we believe contractors should be encouraged to make their best case to the contracting officer. More importantly, it appears clear beyond cavil that in subject case the report or study prepared by the consultant was critical to the preparation of Levernier's civil case, insofar as the materials were used in the Claims Court litigation. Undoubtedly, Levernier would not have achieved the successful settlement it did, prior to the filing of any dispositive motions or prior to trial, had it not convinced the government that its position was well-grounded in fact and in law. In

this sense, the consultant's report/study was the critical aid that facilitated the successful resolution of Levernier's case. Consequently, we hold that but for the following adverse circumstances, the court would be constrained to allow such fees pursuant to 28 U.S.C. § 2412(d)(1) and (2)(A). Those adverse circumstances are the failure of petitioner to reasonably document its claim by separately *detailing* and supporting each activity with *specific* assigned hours.

█ In short, we are simply saying that notwithstanding the foregoing, the court is compelled, on the facts here, to deny recovery of $42,384.61 ($43,170.86–$786.25) of the consultant fees due to insufficient documentation of the charges. More specifically, the consultant's statement, purporting to justify and substantiate the charge of $43,170.86, blandly summarizes over 1,300 man-hours of work. Set forth below is a typical entry from the consultant's statement for services rendered for a *three-month* period:

Professional services and expenses Dec. 1, 1985 through Feb. 28, 1986.

> Meetings and telecons with Paul and Bernie Levernier and Lyn Rasmussen. Analyze and prepare exhibits, charts, costs, equipment rates interest, inefficiency report, labor and production, etc. for the Request for an Equitable Adjustment.
>
> 153.50 hours

Under RUSCC 81(e)(1), which governs applications for attorney fees and expenses pursuant to the EAJA, "[e]ach item *must be separately stated and supported*" (emphasis added). The consultant's statement clearly runs afoul of this basic rule, which ensures that when the court is required to make a determination of recoverable fees and expenses, it has an appropriate and detailed record from which it can determine those fees and expenses that are *reasonable* and *necessary*.

In *Naporano Iron & Metal Co. v. United States*, 825 F.2d 403, 404 (Fed.Cir.1987), the Court of Appeals for the Federal Circuit ruled that under the EAJA, *contempo-*

*raneous records* of the amount of time spent by an attorney and usual billing rates are *necessary* in order to determine the reasonableness of the charges. Consistent therewith, we note that Levernier's *attorneys* kept such records regarding legal fees. Unfortunately, the same did not obtain, as required, with respect to plaintiff's consultant. The court believes that the requirement of contemporaneous records applies with equal force to Levernier's consultant's fees. Yet, the consultant's statement simply contains broad, vague, and general entries covering three-month periods, such as the one set forth above. From said statement submitted, it is not possible for the court to determine whether any of the consultant's fee charges are reasonable and adequately supported. In this connection, we cite to the following holding in *Naporano Iron & Metal Co.*, No. 440–79T, slip op. at 7 (U.S. Claims Court November 21, 1986), *aff'd*, 825 F.2d 403, (1987) as pertinent and dispositive of this issue:

> Such a showing is inadequate to support an award of [consultant] fees. *St. Paul Fire and Marine Insurance Company v. United States*, 4 Cl.Ct. 762, 771 (1984). Much more detail is needed. *See, e.g., White v. City of Richmond*, 713 F.2d 458, 461 (9th Cir.1983). The court needs contemporaneous records of exact time spent on the case, by whom, their status and usual billing rates, as well as a breakdown of expenses such as the amounts spent copying documents, telephone bills, mail costs and any other expenditures related to the case. In the absence of such an itemized statement, the court is unable to determine whether the hours, fees and expenses, are reasonable for any individual item. *St. Paul Fire and Marine Insurance*, 4 Cl.Ct. at 771.

■ However, the court will allow the recovery of the expense associated with the consultant's deposition on December 2, 1988, as well as compensation for the consultant's preparation for the deposition. Those expenses were necessarily incurred *in the civil action,* and the court is satisfied that the 9.25 hours claimed in connection with the deposition were reasonable.

### 5. Travel

■ The cost of reasonable travel of an attorney is recoverable under the EAJA. *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir.1988) (citing cases), *aff'd* (without comment on the travel issue) *sub nom Immigration & Nat. Serv. v. Jean,* — U.S. ——, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *Aston v. Secretary, Dep't of Health & Human Serv.,* 808 F.2d 9 (2d Cir.1986). Defendant does not object to the expenses associated with Mr. Sullivan's travel to Washington, D.C. to engage in the successful settlement negotiations. The court concludes that such expenses are reasonable and were necessarily incurred by Mr. Sullivan.

■ Defendant does object to the award of expenses associated with Ms. De-Rusha's attendance at the settlement negotiations in Washington, D.C., as well as the travel expenses of Bernard and Paul Levernier. With respect to Ms. DeRusha, defendant claims that Ms. DeRusha played a minor role in the negotiations, and that her attendance was unnecessary. However, the court is satisfied that Mr. Sullivan reasonably believed that Ms. DeRusha's presence was necessary. After all, Ms. DeRusha logged more hours on this case than any other attorney.

The court will also allow recovery of the travel expenses of the Leverniers. Defendant cannot seriously contend that settlement negotiations in a construction contract claim could take place without the presence of the principals of the construction company. By traveling to Washington, D.C. and reaching a settlement, the Leverniers *avoided* incurring *additional* attorney fees and expenses. We find, therefore, that said expenses were reasonable and necessary.

### 6. Insufficiently documented attorney time

Defendant argues that 1.3 hours recorded by attorney "LHV" and 4.6 hours recorded by attorney "LOR" should be disallowed, because the work performed was

unrelated to this litigation. The court has reviewed the attorneys' statement and is satisfied that the time spent was reasonable, necessary, and related to this litigation. Defendant's argument is therefore rejected.

### 7. Miscellaneous expenses otherwise styled "Costs" claimed

■ To reiterate, plaintiff settled by stipulation all claims relating to subject contract, other than those for "fees and expenses" under the EAJA. Consequently, those items otherwise characterized as expenses but *properly* considered "costs" under 28 U.S.C. § 2412(a) cannot be recovered. Thus, the court will not allow recovery of "costs" otherwise identified as filing fees, witness fees, and court reporter fees for copies of depositions. *See* 28 U.S.C. § 2412(a) ("costs" mean those items enumerated in 28 U.S.C. § 1920); 28 U.S.C. § 1920 ("costs" include docket fees, witness fees, and charges for stenographic transcription by court reporters).

Levernier can recover, as "fees and other expenses" under 28 U.S.C. § 2412(d), charges for long-distance telephone calls, taxis, postage, photocopying, telephonic document transmission, messenger service, express mail, and computerized legal research. *Jean,* 863 F.2d at 778 (28 U.S.C. § 2412(d) sets forth examples, not an exhaustive list, of "fees and expenses"; words "fees and expenses" to be construed expansively); *Aston,* 808 F.2d at 12 (same). *But see Keyava Constr. Co.,* 15 Cl.Ct. at 140 (photocopying charges are "costs," not "fees and expenses," under the EAJA).

### 8. Preparation of the EAJA application

■ Plaintiff is entitled to an award of attorney fees and expenses incurred in the preparation of its EAJA application without regard to whether the government's position in opposing the application was substantially justified. *Immigration & Nat. Serv. v. Jean,* — U.S. —, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

### 9. Appropriate attorney fee hourly rate

■ Levernier has failed to show a "limited availability of qualified attorneys for the proceedings involved," 28 U.S.C. § 2412(d)(2)(A)(ii), justifying exceeding the statutory cap of $75 per hour for attorney fees. In this connection, Levernier merely asserts, without support, that there is a shortage of lawyers versed in government construction contract law in the Spokane area. Further, the other grounds asserted by plaintiff for awarding a higher fee—complexity and unattractiveness of the case, contingent nature of the fee, ability of counsel, result obtained—were explicitly rejected by the Supreme Court in *Pierce,* 487 U.S. at 573, 108 S.Ct. at 2554.

■ In its discretion, the court may adjust the statutory rate for attorney fees upward to reflect an increase in the cost of living. 28 U.S.C. § 2412(d)(2)(A)(ii); *Oliviera v. United States,* 827 F.2d 735, 742 (Fed.Cir.1987). In light of the fact that an unadjusted EAJA award would represent less than 15% of the amount recovered, and in light of the fact that nearly three and one-half years passed between the filing of the claim with the contracting officer and the government's agreement to the settlement, the court will adjust the attorney fee award upward to account for inflation.

Levernier requests that the court increase the attorney fee award by 16%, to reflect a 16% rise in the Consumer Price Index (CPI) for the city of Seattle, Washington since the original date of enactment of the EAJA. Defendant objects to the use of the 16% figure, pointing out that plaintiff's counsel's office is in Spokane, not Seattle. Thus, defendant concludes, plaintiff's request for a cost of living adjustment fails for lack of proof.

Ideally, plaintiff would have provided the court with CPI data for Spokane. *See Hong–Yee Chiu v. United States,* 18 Cl.Ct. 567, 569 (1989) (local inflation statistics are most accurate barometer for awarding cost of living increase under EAJA). However, the court has in the past based a cost of living adjustment on national CPI data, *see Doe v. United States,* 16 Cl.Ct. 412, 421

(1989), and plaintiff has submitted such national data. A request for attorney fees "should not result in a second major litigation," *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941; the court has before it plaintiff's fee application, defendant's response, plaintiff's reply, and defendant's sur-reply. At this point, the court declines to ask the parties to submit supplemental material.

October 1981, the date the EAJA was originally enacted, is the appropriate baseline date for computing cost of living adjustments. *See Kunz Constr. Co.*, 16 Cl.Ct. at 438–39 (citing cases). The endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered. *Keyava Constr. Co.*, 15 Cl.Ct. at 140. In the present case, the appropriate endpoint is May, 1988 (midway between the date the contracting officer issued his decision and the last recorded time on plaintiff's counsel's itemized statement). Unfortunately, plaintiff has submitted CPI data for 1981 and 1986, but not 1988. The court, therefore, can award a cost of living adjustment only to account for the effects of inflation through 1986. The CPI for all urban consumers in October, 1981 was 279.9; in December, 1986, it had risen to 331.1. This represents an 18% increase. Thus, attorney fees will be increased 18% from the statutory cap of $75. Paralegal fees will be increased by 18% from the usual market rate.

### Conclusion

Based upon the foregoing, plaintiff's application for *fees and expenses* under the Equal Access to Justice Act is GRANTED IN PART and DENIED IN PART. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $38,164.17.[2]

IT IS SO ORDERED.

## APPENDIX A—SUMMARY OF ATTORNEY FEES AWARD

| Time-keeper [a] | Time claimed | Rate claimed | Total claimed | Time allowed [b] | Rate allowed | Total allowed |
|---|---|---|---|---|---|---|
| **Attorneys** | | | | | | |
| PAS | 154.8 hrs | $175/hr | $27,090.00 | 152.6 hrs | $88.50/hr [c] | $13,505.10 |
| PJD | 166.2 hrs | $75/hr | 12,465.00 | 166.2 hrs | $88.50/hr | 14,708.70 |
| LOR | 165.9 hrs | $105/hr | 17,419.50 | 4.6 hrs | $88.50/hr | 407.10 |
| BLA | 0.2 hrs | $75/hr | 15.00 | 0.2 hrs | $88.50/hr | 17.70 |
| JCB | 16.0 hrs | $75/hr | 1,200.00 | 16.0 hrs | $88.50/hr | 1416.00 |
| LHV | 6.8 hrs | $75/hr | 510.00 | 1.3 hrs | $88.50/hr | 115.05 |
| **Paralegals** | | | | | | |
| CRH | 3.9 hrs | $25/hr | 97.50 | 3.9 hrs | $29.50/hr [d] | 115.05 |
| RMV | 3.5 hrs | $25/hr | 87.50 | 3.1 hrs | $29.50/hr | 91.45 |
| MLG | 5.5 hrs | $25/hr | 137.50 | 5.5 hrs | $29.50/hr | 162.25 |
| **Law clerks** | | | | | | |
| JHW | 6.9 hrs | $30/hr | 207.00 | 0 hrs | — | 0 |
| MJR | 6.5 hrs | $30/hr | 195.00 | 0 hrs | — | 0 |
| CBH | 31.5 hrs | $30/hr | 945.00 | 0 hrs | — | 0 |
| RLL | 8.8 hrs | $30 hr | 264.00 | 0 hrs | — | 0 |
| **TOTAL** | 576.5 hrs | varies | $60,633.00 | 347.5 hrs | varies | $30,538.40 |

[a] For purposes of the EAJA, "attorney fees" includes the services of paralegals and law clerks. See section B.3.

[b] Reflects time spent only *after* October 30, 1986 to date, for which documentation is adequate. The difference between time claimed and time allowed reflects time disallowed because it was incurred during the proceedings before the contracting officer. See section B.3.

[c] Reflects an 18% upward adjustment to the $75/hr. cap to account for inflation. See section B.9.

[d] Reflects an 18% adjustment above the market rate to account for effects of inflation. See sections B.3. and B.9.

2. A summary of the components of, and calculations leading to, the EAJA award consistent with the foregoing explanations is set forth in Appendices A, B and C to the court's opinion.

## APPENDIX B—SUMMARY OF CONSULTANT FEES AWARD

| | Time claimed | Rate claimed | Total claimed | Time allowed [e] | Rate allowed | Total allowed |
|---|---|---|---|---|---|---|
| Professional claim analyst | 145.95 hrs | $85/hr | $12,405.75 | 9.25 hrs | $85/hr [f] | $786.25 |
| Administrative support | 715.00 hrs | $20/hr | 14,300.00 | 0 hrs | — | 0 |
| Construction analyst | 225.75 hrs | $40/hr | 9,030.00 | 0 hrs | — | 0 |
| Computer analysis | 37.50 hrs | $37.50/hr | 1,312.50 | 0 hrs | — | 0 |
| –Input | 105.25 hrs | $22.50/hr | 2,368.13 | 0 hrs | — | 0 |
| –Processing | 92.25 hrs | $15/hr | 1,383.75 | 0 hrs | — | 0 |
| Graphics | 53.00 hrs | $32.50/hr | 1,722.50 | 0 hrs | — | 0 |
| Expenses | — | — | 648.23 | — | — | 0 |
| TOTAL | 1374.70 hrs | varies | $43,170.86 | 9.25 hrs | | $786.25 |

[e] The difference between the time claimed and the time allowed represents time disallowed for failure to establish the reasonableness of hours claimed with respect to each activity as required by 28 U.S.C. § 2412(d)(1)(A) and (2)(A) and RUSCC 81(e)(1). See section B.4.

[f] The EAJA does not provide for adjustment of consultant fees to account for inflation. At the same time, defendant has not raised any objection to the $85/hr rate for what amounts to an expert witness fee.

## APPENDIX C—SUMMARY OF OTHER EXPENSES AWARDED

| Item | Claimed | Allowed [g] | Explanation of Items Disallowed |
|---|---|---|---|
| Long-distance telephone charges | $ 595.77 | $ 243.30 [h] | $352.47 incurred prior to October 31, 1986. |
| Photocopying | 1,411.50 | 277.50 [h] | $1,134.00 incurred prior to October 31, 1986. |
| Telephonic document transmission | 53.00 | 53.00 [h] | |
| Transcription of depositions | 2,122.00 | 0 [h] | Properly considered "cost"; plaintiff waived claim for "costs." |
| Messenger | 43.01 | 43.01 [h] | |
| Travel | 5,934.18 | 5,934.18 [i] | |
| Filing fee, U.S. Claims Court | 60.00 | 0 [h] | Properly considered "cost"; plaintiff waived claim for "costs." |
| Computerized legal research | 40.06 | 40.06 [h] | |
| D. Campbell witness fee & mileage | 35.00 | 0 [h] | Properly considered "cost"; plaintiff waived claim for "costs." |
| Express mail | 248.47 | 248.47 [h] | |
| TOTAL | $10,542.99 | $6,839.52 | |

[g] Reflects fees and expenses incurred after October 30, 1986. See section B.3.