**NATIONAL TREASURY EMPLOYEES UNION, Plaintiff-Appellant,**

v.

**INTERNAL REVENUE SERVICE, Defendant-Appellee.**

**No. 83–3223.**

United States Court of Appeals, Eleventh Circuit.

July 5, 1984.

William Harness, Assoc. Gen. Counsel, Atlanta, Ga., for plaintiff-appellant.

Charles T. Myers, William Kanter, Washington, D.C., for defendant-appellee.

Before RONEY and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

---

\* Honorable Edward S. Smith, U.S. Circuit Judge    for the Federal Circuit, sitting by designation.

RONEY, Circuit Judge:

Plaintiff, the National Treasury Employees Union, seeks attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412(d). Although the district court found that the Union was the prevailing party in a suit against the Internal Revenue Service (IRS), attorney's fees were denied under the "special circumstances" exception to the EAJA because a settlement of the claim did not mention attorney's fees. We vacate and remand for an evidentiary hearing because there is no factual base to conclude that the plaintiff waived attorney's fees or that the defendant assumed attorney's fees were not wanted or would not have settled the merits if it had known the plaintiff would ask for attorney's fees.

The National Treasury Employees Union filed an action for damages and injunctive relief against the IRS contending that the IRS had misapplied a statute concerning overtime pay. Immediately prior to trial, the parties settled the case and a consent agreement setting forth the terms of the settlement was approved by the court. By the consent decree, the Union achieved substantially what it had sought in its complaint. The decree made no mention of fees and costs.

Within 30 days, the Union filed a motion for the award of attorney's fees and costs. The IRS moved to strike this request and filed an affidavit stating that attorney's fees and costs were not discussed in the settlement negotiations and that it had assumed the Union was not interested in them. Although correctly concluding that the Union was the prevailing party, the court denied the Union's request for attorney's fees and costs saying:

> This case was initiated by Plaintiff on March 31, 1980, approximately one and one-half years prior to the effective date of the Equal Access to Justice Act. At the time the Court was notified of the settlement of this action, the Court was of the impression that the settlement included all claims and defenses of all parties, including the costs of litigation. The Defendants contend that they were under the same impression, and the Court finds that Defendants may well have not settled this matter if they had known that Plaintiff would subsequently move for an award of fees and costs. Although the Court finds that Plaintiff was the prevailing party in this case, the foregoing facts constitute special circumstances that the Court finds would make an award of fees and costs unjust.

The EAJA directs that attorney's fees and costs shall be awarded to "a prevailing party other than the United States ... in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C.A. § 2412(d)(1)(A). A party who secures a favorable settlement or consent decree from the United States qualifies as a prevailing party. 1980 U.S. Code Cong. & Ad.News 4953, 4990. All actions either pending on or filed after October 1, 1981 come within the EAJA. *Mathews v. United States*, 713 F.2d 677, 682 (11th Cir.1983). Our review of a district court's action under this statute is on the abuse of discretion standard. *Id.*

Neither the district court's order nor the Government's motion to strike the request for attorney's fees was based on the ground that the position of the United States was substantially justified. The question on this appeal is whether the court correctly decided "special circumstances make an award unjust." The legislative history of the EAJA notes that the special circumstances exception operates as a

> "safety valve" [to] help[ ] insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts. It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.

1980 U.S.Code Cong. & Ad.News at 4990.

Little guidance has been provided by the case law as to what equitable considera-

tions are relevant to the denial of attorney's fees. The fact that no mention of fees was made in the settlement agreement would not, by itself, justify a denial of fees.

In cases involving The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S. C.A. § 1988, courts have allowed parties prevailing by settlement or consent decree to file for attorney's fees even though the question of fees was not mentioned or resolved by the agreement or decree. *Bonnes v. Long,* 651 F.2d 214 (4th Cir. 1981), *cert. denied,* 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982); *Chicano Police Officer's Association v. Stover,* 624 F.2d 127 (10th Cir.1980); *Dawson v. Pastrick,* 600 F.2d 70 (7th Cir.1979); *Brown v. Culpepper,* 559 F.2d 274 (5th Cir.), *reh'g denied,* 561 F.2d 1177 (1977). *Stover* is the most in point. Replying to the losing party's contention that an award of attorney's fees would change the final agreement, the court remanded to the district court for an evidentiary hearing on the scope of the agreement.

> The trial judge should conduct an evidentiary hearing on whether attorney's fees were discussed and intended to be covered by the cash settlement. If not, the court should consider whether plaintiffs took actions to mislead defendant or otherwise were responsible for "special circumstances" which would make an attorney's fees award in their favor inequitable under the [*Newman v.*] *Piggie Park* [*Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)] standard.

624 F.2d at 132.

In this case, we could not fault the district court if indeed the Union had remained silent on attorney's fees during settlement discussions for fear their injection would upset the settlement. On the other hand, if counsel merely overlooked the entitlement to fees, there would seem to be no intentional waiver. *See Southwest E & T Suppliers v. American Enka Corporation,* 463 F.2d 1165, 1166 (5th Cir.1972) ("Courts cannot read into a [settlement] contract that which is not there."). If the Government failed to mention costs and

fees to the Union to take advantage of this oversight, the alleged "sharp practice" by the Union's attorneys might turn against the Government.

■ We can well understand that any settlement of this kind should include all items that might be in controversy. But there is no indication as to why the court itself did not question the parties' intention as to attorney's fees and costs. The only evidence the court had before it was the affidavit of the Government that stated that attorney's fees had not been discussed. This case must be remanded for a determination of the controlling facts.

As a matter of judicial efficiency, it may well be that the rule should prohibit an award of an attorney's fees for a consent decree that is silent on the point. Since the law has not been developed in this area, however, a prospective rule would be more in order than a denial of fees in a case where they might otherwise be intended by the underlying policy of the EAJA. The court should be reluctant to imply a waiver by the Union of its right to attorney's fees since the EAJA is a recent statute having little judicial gloss concerning when fees should be raised in settlement negotiations.

In any event, until the facts are fully developed either by an evidentiary hearing or a stipulation by the parties, neither of the parties is in a position to argue, nor is the court in a position to decide, the legal consequences which flow from the parties' conduct in this case.

The Government suggests that if this Court believes that the fee application can be entertained, the remaining issues would be:

> (1) whether the government's position was substantially justified; (2) whether Plaintiff should be compensated for unsuccessful claims (see *e.g., Hensley v. Eckerhart,* 461 U.S. 424 [103 S.Ct. 1933], 76 L.Ed.2d 40 (1983); and (3) whether Plaintiff may recover fees for service performed before the effective date of EAJA, October 1, 1981.

These issues, of course, would be decided by the district court only after a final decision, based on the facts as developed on remand, as to whether fees should be denied altogether because of special circumstances.

VACATED and REMANDED.