NAPORANO IRON AND METAL COM-PANY, Andrew J. Naporano and Beatrice Naporano, Andrew J. Naporano and Sharon Naporano, Plaintiffs-Appellants,

v.

The UNITED STATES, Defendant-Appellee.

No. 87–1130.

United States Court of Appeals, Federal Circuit.

Aug. 4, 1987.

Colin M. Danzis, Theodore C. Abeles and Paul A. Sandars, III, of Lum, Hoens, Abeles, Conant & Danzis, Roseland, N.J., argued for plaintiffs-appellants. With them on the brief were Dennis B. O'Brien and Charles H. Hoens, Jr., of counsel, of Lum, Hoens, Abeles, Conant & Danzis, Roseland, N.J.

James B. Mann, of the Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Richard Farber and Janet K. Jones, of the Tax Div., Dept. of Justice, Washington, D.C.

Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.

NIES, Circuit Judge.

Naporano Iron and Metal Company, Andrew J. Naporano and Beatrice Naporano, Andrew J. Naporano and Sharon Naporano appeal the judgment of the United States Claims Court, No. 440–79T (November 21, 1986), denying their petition for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §§ 2412(d)(1)(A), (2)(B) (Supp. III 1985), on the grounds that the government's position was substantially justified and the fee application was inadequately supported. We affirm.

■ We agree with Judge Tidwell's thorough analysis of the lack of itemization in the documents accompanying Naporano's fee request. Because that opinion is unpublished, we set out a portion of his opinion here:

> The EAJA requires that anyone seeking an award of attorneys' fees and expenses shall submit, among other things, "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses are computed." 28 U.S.C. § 2412(d)(1)(B) (1982). Petitioners' petition for attorneys' fees and expenses included an affidavit of Colin M. Danzis, Esquire, the partner in charge of the case, stating that the total fees sought were $117,490 and attendant disbursements of $6,545. He stated, "[b]ecause 70 percent, more or less, of the time expended in this matter was expended by senior members of the firm, an *average* hourly rate of $115.00 is a close approximation of actual hourly rates...." (emphasis added). An additional sum sought was $8,033.00 for expert witness fees. Attached thereto were periodic billings to Naporano Iron and Metal Company generally indicating the total billing for the month and allocable "Disbursements" for the billed period. An example is the bill from petitioners' attorney dated December 16, 1982, to wit:

> For Legal Services Rendered through November 30, 1982

> | | |
> |---|---|
> | In all | $5,360.00 |
> | Disbursements | 328.09 |
> | Total Amount Due | $5,688.09 |

Such a showing is inadequate to support an award of attorneys' fees. *St. Paul Fire and Marine Insurance Company v. United States*, 4 Cl.Ct. 762, 771 (1984). Much more detail is needed. *See, e.g., White v. City of Richmond*, 713 F.2d 458, 461 (9th Cir.1983). The court needs contemporaneous records of exact time spent on the case, by whom, their status and usual billing rates, as well as a breakdown of expenses such as the amounts spent copying documents, telephone bills, mail costs and any other expenditures related to the case. In the absence of such an itemized statement, the court is unable to determine whether the hours, fees and expenses, are reasonable for any individual item. *St. Paul Fire and Marine Insurance*, 4 Cl.Ct. at 771.

Slip op. at 7.

■ We agree that under EAJA contemporaneous records of attorney's time and usual billing rates, as well as a breakdown of expenses, are necessary in order to determine the reasonableness of the charges.

Naporano agrees that the charges for individual items of work need to be considered in reviewing fee awards. Nevertheless, Naporano criticizes the trial court's focus on the lack of specific hourly billings. In its view the fee sought here is clearly reasonable since the total dollar amount divided by an hourly rate of $115.00 averages out to three hours a week over the course of this litigation. In other words, Naporano simply calculates backwards and points to success in the law suit to justify the work which was done. We disagree, as did the trial court, that the statutory requirement for an "itemized statement" of work has so little substance. Only by knowing the specific task performed can the reasonableness of the number of hours required for any individual item be judged. The statute does not permit an interpretation that an unreasonable charge for an item is somehow made reasonable by the total amount requested. Also contrary to Naporano's view, the Claims Court could not simply allow less than the amount re-

quested. The statutory consent to fee awards requires specificity for an award to be made at all.

■ Naporano suggested at oral argument before this court that the Claims Court could have read the documentation in its fee application together with the Claims Court's docket sheet and thereby determined the specific work involved in any given bill. We reject unequivocally any suggestion that the Claims Court had an obligation to reconstruct the bills for Naporano. In any event, Naporano's argument, that the particulars required to support a fee award under EAJA would thereby be supplied, is specious.*

AFFIRMED

---

* Our affirmance on the ground of lack of specificity makes it unnecessary to decide whether the government's position was substantially justified.