UNITED STATES of America, Plaintiff,

v.

Kathy WILLENS, Defendant.

No. 88–1136–CIV.

United States District Court,
S.D. Florida.

March 5, 1990.

Marilyn G. Koonse, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Leonard Thornton, Miami Lakes, Fla., for defendant.

MEMORANDUM OPINION

SPELLMAN, District Judge.

ORDER GRANTING
ATTORNEYS FEES

THIS CAUSE comes before the Court upon Motion of Defendant for Attorney's Fees pursuant to 28 U.S.C. Section 2412. The underlying cause of action was a civil lawsuit brought by the United States for a civil penalty of $1,000.00 against Defendant, a newspaper photographer, for failure to stop at an airport security checkpoint. 14 C.F.R. Section 107.20. Trial was held November 2, 1989 in which the Court granted judgment for Defendant at the close of Plaintiff's case.

■ The Court found that Plaintiff failed to establish what security regulations were in effect on the day of the incident. Plaintiff's witness Miriam Hernandez, the security officer on duty at the

time of the incident, testified that Defendant was not instructed to go through the metal detector nor submit her cameras for hand inspection. In short, she had no intention of permitting Defendant access to the gate area. It is significant that the gate area was otherwise open to the general public. Eastern Airlines ordered security personnel to keep members of the press out.

The results of the trial and the record in this case indicate that the position of the Plaintiff, UNITED STATES OF AMERICA was substantially unjustified. In its Response to Defendants Motion Plaintiff attempts to reargue points disposed of at trial. Such arguments are misplaced at this stage. In granting judgment at the close of Plaintiff's case the Court necessarily found that Plaintiff failed to allege circumstances under which Defendant could be held liable. By bringing an action against Defendant for failing to submit to security procedures when Defendant was not given the opportunity to do so, The UNITED STATES has caused Defendant and this Court unnecessary waste of resources. This is clearly a case which warrants an award of attorney's fees to the Defendant.

Furthermore, Plaintiff, in its Response to Motion for Attorney's Fees fails to present evidence that such an award in this case would be unjust. Plaintiff has failed to demonstrate what interest the UNITED STATES has in protecting an airline's right to restrict public knowledge of a mishap aboard one of its flights.[1] The Plaintiff failed to allege that Defendant's action posed any kind of security risk such that the FAA would need to take cognizance.

Plaintiff has also failed to show that Defendant did not meet the pleading requirements of 28 U.S.C. Section 2412. Defendant's counsel has provided Plaintiff and the Court with the actual billing records as evidence of what defendant actually paid in attorney's fees and the acts counsel actually performed on Defendant's behalf with the time actually spent. Plaintiff does not contest the accuracy or appropriateness of these figures. Plaintiff cites no authority for its position that it would be unjust to award attorney's fees where Defendant's litigation expenses are being covered by the Associated Press and not Defendant herself, nor has Plaintiff provided any evidence that such is the case.

Finally, Plaintiff argues that Section 24-12(d)(1)(C)(2)(A)(ii) limits the Court to awarding Defendant $75.00 per hour. However, the Court ordered the parties to further brief the issue of whether upward adjustment of that figure is justified pursuant to the wording of section 2412(d)(1)(C)-(2)(A)(ii). That section recognizes that cost of living increases and "special factors" such as the limited availability of qualified attorney's for the type of proceeding may justify an upward adjustment of the $75.00 per hour cap. Counsel were advised specifically to address the Eleventh Circuit's examination of the issue in the case of *Jean v. Nelson*, 863 F.2d 759, 773–776 (1988).

In examining this issue this Court is guided by the decision in *Jean* which leaves the decision of whether to exceed EAJA's $75.00/hour for the enumerated factor's in the sound discretion of the trial Court. The initial determination must be whether the fee requested is reasonable in light of the prevailing market rate. This Court would say with confidence that Defendant's counsel's request of $125.00/hour is clearly within the range for a competent trial attorney practicing in Dade County, Florida. This determination is made on the basis of the Court's experience in awarding attorney's fees in other cases in which there is testimony of other attorney's practicing in the area as to the reasonableness of certain fees. Additionally, Defendant's counsel has submitted a decision of the Bankruptcy court awarding him attorney's fees of $150.00/hour, which he alleges is his regular fee. Inasmuch as Plaintiff does not appear to contest this point, It

---

1. Apparently the flight in question encountered some rough turbulence en route to Miami. A number of reporters attempted to go to the gate to interview arriving passengers and were denied access. Eastern had instructed security personel to refuse members of the press access to the gate area.

would be a further waste of judicial and attorney resources to require further proof upon this point. The Court is satisfied that $125.00/hour for Mr. Thornton's work is a reasonable rate in light of the prevailing market.

■ However, the *Jean* Court determined that EAJA suggested a Congressional belief that $75.00/hour was sufficient public reimbursement regardless of the prevailing regional and national market. Therefore, it is necessary to demonstrate that cost of living increases since passage of the act in 1980 or some other special factor justifies an award in excess of the statutory cap. The *Jean* decision indicated that in awarding any cost of living adjustment, the District Court would have to establish in dollar amounts the impact of cost of living increases. In other words, this Court is required to demonstrate mathematically the basis of the cost of living adjustment.

Defendant's counsel has provided a table showing the impact of the cost of living increases on the hours it expended on this case, for every year since 1985. This table is accurate as far as it goes, however, the base year is incorrect. The *Jean* decision clearly permits the Court to adjust the $75.00/hour rate based on cost of living increases since the enactment of EAJA in 1980, rather than the date of reenactment in 1985 where the $75.00/hour cap was retained. Specifically, the *Jean* Court ruled that pre–1985 hours could be billed above $75.00 to reflect cost of living increases despite the retention of the $75.00 cap in the 1985 enactment. Thus, the table at appendix I reflects the applicable cost of living adjustment for each year in which counsel did work in this case at column 4. This figure is based upon the Annual averages of the Consumer Price Index for All Urban Consumers (CPI–U), U.S. City Average All Items Index compiled by the United States Bureau of Labor Statistics. Counsel's hours for each year are multiplied times $75.00 and then multiplied by the cost of living increase factor for each year. These amounts for each year are added together to arrive at the attorney's fee award of $75.00/hour adjusted for the cost of living increase since passage of the act. The total is $10,766.86.

■ The next step of the Court's inquiry is to determine whether there are any other special factors which would warrant a further increase of attorney's fees above $75.00/hour plus the cost of living increase determined above. The only special factors mentioned in the *Jean* that might be applicable here are if counsel had distinctive knowledge or specialized skill which was necessary for this case and could not be obtained elsewhere at a lower rate. Defendant's counsel provided his own affidavit attesting to his special skill in the area of Federal Aviation Administration regulations. He previously served as regional counsel for the FAA southern region. He received the case by referral from another attorney who knew of his specialty. There is no doubt that counsel possesses the specialized skill and knowledge envisioned by the statute and the *Jean* court.

However, Defendant fails to show that such skill was necessary for this kind of case. Trial in the case lasted only one hour and was terminated at the close of Plaintiff's case because the plaintiff failed to show what regulations were in effect at the time of the events giving rise to this case. The issues were basically factual, and it appears that no specialized FAA rule knowledge was necessary to show that Defendant did not submit to a security check because she was not given the opportunity to do so. Specialized skill and knowledge cannot serve as a basis for exceeding the statutory attorney's fee limit in this case.

■ The last area of inquiry the Court must consider is whether enhancement is warranted where the Government's position was unduly litigious and unfounded. The *Jean* decision does not provide much guidance on this point and leaves it open to future judicial development. The analysis in that case pertained mainly to behavior during the case rather than the decision of whether to prosecute the case at all.

In rendering final judgement in this case, this Court found that security personnel, in refusing Defendant admittance to the gate

area, was acting on behalf of Eastern Airlines rather that the FAA. The security officer was protecting Eastern from embarrassment rather than protecting the public from any safety hazard. It follows that in prosecuting this action, the government was attempting to protect the right of an airline to arbitrarily and capriciously block media access to the areas of the airport which they employ. Certainly, a prosecution for failure to stop at a security gate under such circumstances is unfounded in fact and law.

However, EAJA requires as a threshold to any award of attorney's fees, that the government's position be substantially unjustified. The *Jean* court suggests that perhaps the determination of whether the government's behavior justifies the additional step of enhancing the attorney's fee beyond the $75.00/hour limit should be based on whether a position was not only unfounded, but also injected without any purpose except to harass. Such circumstances do not appear to be present in this case. Accordingly, the Court determines that it is only necessary to exceed the EAJA statutory limit to account for increases in the cost of living since that act was passed. Accordingly and upon careful review of the record, it is hereby

ORDERED AND ADJUDGED that the Motion for Attorney's Fees is GRANTED. Plaintiff shall pay to Defendant Attorney's Fees in the amount of $10,766.86. Plaintiff shall also pay costs in the amount of $104.00 for a total of $10,870.84.

DONE AND ORDERED.

## APPENDIX I

Column 1 is the year. Column 2 is the total hours for that year. Column 3 is the fee at $75.00/hour. Column 4 is the cost of living increase factor based on the cost of living increase since 1980 and column 5 is the total with cost of living increase. Since the Bureau of Labor Statistics does not yet have figures for the year 1990, the 1989 figure is used.

| 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|
| 1986 | 12.6 | $ 945.00 | 1.33 | $ 1,256.94 |
| 1987 | 14.3 | 1,072.50 | 1.37 | 1,478.59 |
| 1989 | 58.6 | 4,395.00 | 1.50 | 6,613.83 |
| 1990 | 12.6 | $ 945.00 | 1.50 | $ 1,417.50 |
| total | 98.1 | 7,357.00 | | 10,766.86 |