**UNITED STATES of America**

v.

**Robin F. HARPER.**

**Civ. A. No. 76–4000.**

United States District Court, E.D. Pennsylvania.

Aug. 10, 1983.

Peter Goldberger, Villanova, Pa., for plaintiff.

Virginia Powell, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Since 1958, defendant Robin Harper has steadfastly refused to assist the United States ("Government") in the collection of the federal income taxes which he owes. In past and present litigation, Harper, a Quaker, has asserted that assisting the Government in the collection of taxes which could be used in a war effort would contravene his religious beliefs, in violation of the first amendment. He has also contended that being forced to produce the documents sought by the government would violate his privilege against self-incrimination, which is protected by the fifth amendment.

The United States Tax Court determined that defendant owed taxes for the years 1962 through 1967. As part of the administrative tax collection process, the Internal Revenue Service ("IRS") sought to enforce a summons against Harper in district court in 1975. *United States v. Harper,* 397 F.Supp. 983 (E.D.Pa.1975). On constitutional grounds, Harper opposed the summons, which directed him to give testimony and produce documents necessary to complete a financial statement of his income and assets. Judge Newcomer held that the Government would be unable to collect these taxes unless Harper divulged the information sought and that the Government's interest in forcing him to produce the information was sufficiently compelling to outweigh his religious interest. *Id.* at 990. The court also found that Harper reasonably could expect the subpoenaed information to lead to, or be used in, a criminal investigation against him. Accordingly, the court concluded that Harper could invoke his fifth amendment privilege against self-incrimination and refuse to provide the information sought. *Id.* at 994–97, *citing Maness v. Meyers,* 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975); *United States v. Coffey,* 198 F.2d 438, 440 (3d Cir.1952). Judge Newcomer, however, took pains to note that his conclusion did "not represent a threat to the orderly and efficient collection of taxes," for "[a]ll the government need do is grant respondent immunity from the use against him in a criminal prosecution of any evidence obtained through the summons...."

This suit was filed in 1976, when the Government continued its effort to collect taxes from Harper. It filed a motion for summary judgment in 1977, which was granted as unopposed, and judgment in the amount of $11,040.30 was entered against defendant. In order to enforce its judgment, the Government issued a subpoena *duces tecum,* directing Harper to appear before a magistrate for a judgment-debtor examination, testify, and produce documents relating to his tax liability. Harper moved to quash the subpoena on the ground that Judge Newcomer's decision collaterally estopped its enforcement. The magistrate denied Harper's motion. At the judgment-debtor examination, Harper refused to answer questions or produce documents. Consequently, the magistrate ordered a hearing to show cause why Harper should not be held in contempt.

This court presided over the show cause hearing. Harper and his expert witness reiterated the conflict between Harper's re-

ligious beliefs and participation in the collection of taxes, all or any part of which might be used in a war effort. The court issued a briefing schedule, and defendant timely filed a brief with regard to the order to show cause, emphasizing the decision of Judge Newcomer. The Government did not file a response to defendant's brief; rather, it filed a praecipe, withdrawing the subpoena.[1] Thereafter, the court vacated, as moot, the order to show cause.

Now before the court is defendant's petition for attorneys' fees, under the Equal Access to Justice Act ("EAJA" or "Act"), 28 U.S.C. § 2412 (1980).[2] The Government opposes the petition on the grounds that Harper is neither a party nor a prevailing party within the meaning of the EAJA and that, in trying to enforce the summons, its position was substantially justified. The Government also asserts that plaintiff's objections to certain questions during and prior to the show cause hearing were frivolous and that this frivolity constituted special circumstances which would make a fee award unjust.

For purposes of the EAJA, a party is "an individual whose net worth did not exceed $1,000,000 at the time the civil action was filed." 28 U.S.C.A. § 2412(d)(2)(B)(i) (West 1978 & Supp.). In his application, Harper avers that he is a party. The Government controverts Harper's assertion and maintains that he must reveal his assets and liabilities in order to prove he is a party within the meaning of the Act.

■ The plain language of the statute limits eligibility for fee awards. If Congress had intended for any party, irrespective of income level, to receive an award under the EAJA, it would not have placed definitional restrictions in the Act. Defendant is entitled to an opportunity to prove that he meets the requirements for being a party. This opportunity, however, would involve him in inquiries concerning his assets, inquiries which he heretofore has declined to answer. Although the court is aware that defendant is caught in a Catch-22 situation, it cannot make the requisite findings without evidence from defendant. Thus, on the present record, I must deny Harper's petition for fees. This denial is without prejudice to defendant's right to request reconsideration, provided that said request is accompanied by a statement that Harper is willing to litigate fully the issue whether he is a party.

■ Harper also has filed a motion to strike plaintiff's memorandum in opposition to his petition for fee awards. He argues that the Government's brief in opposition is untimely because it was filed fourteen days late.[3] The court agrees with Harper's contention that, rather than file a late response, the Government should have sought a stipulation or filed a motion for an extension of time. The court also notes that, pursuant to Local Rule of Civil Procedure 20(c), it may deem uncontested motions to which timely responses have not been filed. The court concludes, however, that defendant has not been harmed by plaintiff's delay in responding. The court's conclusion is buttressed by the fact that Harper filed a supplemental motion and a reply memorandum in support of his petition on March 25, 1983, i.e., more than three weeks after the Government filed its response. Although it

---

1. Counsel for the Government avers that, based on her research in preparation for responding to defendant's brief and other developments, she decided to withdraw the subpoena.

2. The EAJA provides in pertinent part:

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a),

incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

3. By stipulation, the parties agreed to extend to February 14, 1983 the date by which plaintiff's response was due. Plaintiff's response was filed on February 28, 1983.

technically was filed out of time,[4] the court considered defendant's reply memorandum and supplemental motion. Because I deem inappropriate the sanction of striking plaintiff's response, I will deny defendant's motion.

4. By letter dated March 17, 1983, defendant requested the court's leave to file a reply memorandum on March 25, 1983. At the time defendant made said request, the period for reply had expired. Thus, if the court applied to defendant the same rules which defendant wishes it to apply to plaintiff, as of March 13, 1983 (i.e., before defendant's letter was sent) the court could have assumed defendant would not reply to plaintiff's response.