64 F.3d 676
 40 Cont.Cas.Fed. (CCH) P 76,834
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ed FIELDS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5026.
 United States Court of Appeals, Federal Circuit.
 Aug. 14, 1995.
 
 Before NIES, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 SKELTON, Senior Circuit Judge.
 Plaintiff Ed Fields appeals from the September 30, 1993, decision of the United States Court of Federal Claims in which the court denied plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412 (1991 ed.). We affirm.
 
 DISCUSSION
 
 1
 The facts show that the plaintiff was awarded a contract on September 14, 1984, by the United States Forest Service, United States Department of Agriculture (Forest Service), to provide site preparation services for 18 acres of land for a seed orchard. He was required by this contract to remove existing trees, brush, and all rocks eight inches or larger on 30 percent of the land. The plaintiff alleged that in his performance of the contract he found and removed rocks eight inches or larger on the entire tract, for which he claimed additional compensation. He also claimed that additional money was due him for other work and items of expense. He submitted claims to the Contracting Officer (CO), who approved some of them and denied others. The final decision of the CO approved claims in the sum of $1,612.62 for the removal of the extra rocks and certain other expenses, and denied all others.
 
 
 2
 The plaintiff filed an appeal to the United States Claims Court (now the United States Court of Federal Claims) on May 6, 1988, claiming that he was entitled to an additional $34,241.03 for extra work and expenses. Thereafter, the parties conducted a long series of settlement negotiations. In the meantime, in June 1991, the defendant paid plaintiff $4,400, plus interest, on claims that the defendant conceded were valid. Finally, on April 17, 1992, the parties entered into a settlement agreement for $13,100, plus interest, and the court entered judgment on April 27, 1992, for plaintiff for that amount, plus interest. In the settlement agreement, plaintiff retained the right to pursue attorney fees, and on May 26, 1992, he filed an application for attorney fees in the sum of $22,831 pursuant to the EAJA.
 
 
 3
 Provisions of the EAJA, 28 U.S.C. Sec. 2412, that are pertinent to this appeal are as follows:
 
 
 4
 (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to the prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 5
 (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 (2) For purposes of this subsection--
 
 
 9
 (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee);
 
 
 10
 (B) "party" means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; ...
 
 
 11
 As seen by reading this statute, before a litigant can recover attorney fees in a suit against the government pursuant to EAJA he must prove by a preponderance of the evidence the following eligibility requirements:
 
 
 12
 1. He is a prevailing party.
 
 
 13
 2. He incurred reasonable attorney fees.
 
 
 14
 3. The position of the United States was not substantially justified.
 
 
 15
 4. There are no special circumstances that make an award unjust.
 
 
 16
 5. The amount of the fee requested with supporting proof.
 
 
 17
 6. He is a "party" as defined in the statute by being (1) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (2) an owner of an unincorporated business, or a partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed.
 
 
 18
 The failure of an applicant for attorney fees to prove any one of these eligibility requirements is fatal to his application. That is what happened in this case. The trial court held that the plaintiff failed to prove that his net worth as an individual was less than $2,000,000 or that the net worth of his unincorporated business, or that of a corporation he owned (Tilth, Inc.), was less than $7,000,000, at the time the suit was filed, and denied his application. The court did not reach the other eligibility requirements, although it treated plaintiff as a prevailing party because the defendant had paid a substantial amount of plaintiff's claims. The plaintiff has appealed to this court.
 
 
 19
 The only issue in this appeal is whether the trial court abused its discretion when it held that the plaintiff was not a party eligible for recovery of attorney fees pursuant to the EAJA because he had failed to prove by a preponderance of the evidence that his net worth and that of his unincorporated business, and of his corporation was less than the limits set forth in the statute.
 
 
 20
 We held in Chiu v. United States, 948 F.2d 711 (1991) that a trial court's decision regarding an award of attorney fees under the EAJA is discretionary, and that on appeal the decision is reviewed for abuse of discretion. Also, see Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). We held further in Chiu that such a discretionary decision by a trial court cannot be overturned unless the court erred in interpreting the law or exercised its judgment on clearly erroneous findings of material fact, or its decision represents an irrational judgment in weighing the relevant factors.
 
 
 21
 The EAJA is a waiver of sovereign immunity and must be strictly construed. Levernier Constr., Inc. v. United States, 947 F.2d 497 (Fed.Cir.1991). Its meaning cannot be expanded by implication or inferences. Fidelity Constr. Co. v. United States, 700 F.2d 1379 (Fed.Cir.1983), cert. denied, 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983). In this case we construe and apply the statute in accordance with these principles.
 
 
 22
 The facts found by the court show that when plaintiff filed his application for attorney fees he submitted an affidavit stating that his individual net worth and the net worth of his corporation and that of his unincorporated business, and the number of his employees, and that of his corporation and business at the time the action was filed, met the eligibility requirements of 28 U.S.C. Sec. 2412(d)(2)(B), but offered no supporting documentary evidence. The court properly held that this self-serving and conclusory affidavit was insufficient because it could not ascertain or verify plaintiff's net worth from his lone affidavit, citing Scherr Constr. Co., supra, and United States v. Harper, 569 F.Supp. 602 (E.D.Pa.1983). We agree.
 
 
 23
 The plaintiff amended his petition with a supplemental affidavit to which was attached various exhibits, which are listed in the court's findings as follows:
 
 
 24
 (i) a supplemental affidavit of Ed Fields reiterating that his individual and business net worth did not exceed $2,000,000 and $7,000,000, respectively, at the time the action was filed. The affidavit contained a narrative purporting to explicate and establish his net worth;
 
 
 25
 (ii) a letter from his accountant to his attorney transmitting the following "documents for your analysis of Mr. and Mrs. Fields [sic] net worth on May 6, 1988":
 
 
 26
 (a) a copy of Tilth, Inc.'s corporate income tax return for the short year ended May 31, 1988, in which corporation plaintiff owns 100% of the stock, and
 
 
 27
 (b) a copy of the worksheet for the year ended December 31, 1988, for plaintiff's unincorporated business.
 
 
 28
 (We observe that said letter "suggest[ed] that [counsel] talk directly with Mr. Fields regarding assets that were owned as of May 6, 1988 that are not reflected in the documents"); and
 
 
 29
 (iii) a letter from Tri-County Banking Company, to which is attached a photocopy of a June 9, 1988 Individual Financial Statement previously requested by the bank with reference to a loan.
 
 
 30
 In considering this new affidavit, the court found that the plaintiff had not submitted an integrated balance sheet reflecting a systematic analysis of the assets and liabilities of plaintiff individually or with respect to his unincorporated business, or his corporation, but had only submitted a "hodge-podge" of data purporting to show the general range of his net worth. The court held that this was insufficient because the evidence submitted was fragmentary, lacked specificity, was not complete, and there was no affirmation that the reported assets and liabilities were total, complete, and accurate. The court refused to speculate as to plaintiff's net worth or that of his unincorporated business or corporation, because the EAJA is a waiver of sovereign immunity that must be strictly construed, citing Levernier Constr., Inc. v. United States, supra.
 
 
 31
 The court also pointed out that the plaintiff had not complied with Rule 81(e)(1) of the United States Court of Federal Claims, which requires any application and each supporting statement under the EAJA to be submitted under oath. This was not done in this case. Pertinent portions of the Rule are as follows:
 
 
 32
 Any application subject to 28 U.S.C. Sec. 2412(d) shall include the information required by that section and any claim for fees and expenses incurred in the prosecution of the application, and shall include the completed form as shown in Appendix E to these rules. The application and supporting statements shall be under oath. Each item shall be separately stated and supported.
 
 
 33
 As applied to this case, the Rule required the statement from the bank, the letter from plaintiff's accountant to his attorney, the income tax return of Tilth, Inc., and the work sheet of plaintiff's unincorporated business to be sworn to. The plaintiff contends that he complied with the Rule by referring to the documents in his affidavit. The court held that this was insufficient because the Rule required each document to be separately sworn to, and this was not done. A person who submits his case to the jurisdiction of a court, as the plaintiff did here, is required to comply with the rules of the court.
 
 
 34
 The plaintiff argues that in the absence of any evidence from the government controverting his affidavit, it was sufficient, standing alone, to meet the eligibility requirements of the EAJA, citing D'Amico v. Ind. of Marine & Shipbuilding, 630 F.Supp. 919 (D.Md.1986). That case does support the argument of the plaintiff, but the trial court in the instant case properly refused to follow it, because without evidence showing plaintiff's total assets and liabilities, it could not determine plaintiff's net worth solely from his general self-serving and conclusory affidavit. The contention of the plaintiff that his affidavit was sufficient because the government had not put on any evidence is unpersuasive, because the burden was on him and not on the government to prove his net worth. The government was not required to prove anything.
 
 
 35
 In our opinion, the findings of the court are supported by substantial evidence and are not clearly erroneous. The decision of the court denying plaintiff's attorney fee application was not an abuse of discretion, and it is affirmed.