**IMPRESA CONSTRUZIONI GEOM.,**
Domenico Garufi, Plaintiff,

v.

**The UNITED STATES, Defendant.**

Nos. 99–400C, 01–708C.

United States Court of Federal Claims.

Aug. 11, 2010.

Sam Z. Gdanski, Suffern, NY, for plaintiff.

Roger A. Hipp, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## ORDER

HEWITT, Chief Judge.

### I. Background

Before the court are: Plaintiff's Application for Fees and Other Expenses Under the Equal Access to Justice Act [(EAJA)] (plaintiff's Original Application or Pl.'s App.) first filed July 6, 2005, Docket Number (Dkt. No.) 122 and re-filed August 18, 2009, Dkt. No. 160 [1] pursuant to the court's order of July 28, 2009, Dkt. No. 157; Defendant's Opposition to Plaintiff's Application for the Award of Fees and Other Expenses Pursuant to the Equal Access to Justice Act (Def.'s Response or Def.'s Resp.) filed February 3, 2009, Dkt. No. 151; and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Application for the Award of Feeds and Other Expenses Under the Equal Access to Justice Act filed July 24, 2009, Dkt. No. 156.

EAJA mandates that a court shall award attorneys' fees and costs "to a prevailing party other that the United States ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (2006). First, plaintiff must establish that it is an "eligible" party. Id. § 2412(d)(1)(B). After plaintiff has done so, it must prove that it is a " 'prevailing party,' within the contemplation of [ ] EAJA." Freedom, N.Y., Inc. v. United States (Freedom, N.Y.), 49 Fed.Cl. 713, 715 (2001) (quoting 28 U.S.C. § 2412(d)(1)(A)). The government can then counter that its position was " 'substantially justified,' " and therefore that plaintiff is not eligible for at-

torneys' fees reimbursement under EAJA. Id. (quoting 28 U.S.C. § 2412(d)(1)(A)).

On October 23, 2009, the court issued an order finding the information in plaintiff's Original Application insufficient to allow the court to determine whether plaintiff was eligible for an EAJA recovery based on its size and net worth. Order of Oct. 23, 2009, Dkt. No. 161, 2–5. The court ordered plaintiff to file an amended reply on or before November 25, 2009. Id. at 9. The court provided plaintiff the opportunity to supplement its Original Application in the following ways: by providing English-language documentation addressing the number of persons employed by Impresa Construzioni Geom. Domenico Garufi (Garufi Company) on June 28, 1999, the date the complaint was filed; by consulting with defendant to identify a professional translator of the Italian language into English who could translate various documents; by clarifying ambiguous portions of the declaration of Rosario Garufi; by providing English-language documentation by an expert familiar with auditing practices in both the U.S. and Italy; and, finally, by providing a coherent narrative context in which the court could comprehensively review two Italian language documents. Id. at 8–9; Pl.'s Reply 11, citing Exhibits (Exs.) 3–4 (referred to by the court as Visura I and Visura II documents). Plaintiff filed its Unopposed Request for a 60 Day Enlargement of Time to File Its Supplemental Documentation in Response to the Court's Order dated October 23, 2009 on November 23, 2009, Dkt. No. 162. The court granted plaintiff's motion for an enlargement of time in its order of November 24, 2009, Dkt. No. 163. On January 19, 2010 plaintiff filed its second Request for a 60 Day Enlargement of Time to File Its Supplemental Documentation in Response to the Court's Order dated October 23, 2009, Dkt. No. 164. On January 21, 2010 the court granted plaintiff's second motion for an enlargement of time. Order of Jan. 21, 2010, Dkt. No. 166. On February 14, 2010 plaintiff filed its Supplemental Filing To It[ ]s EAJA Application in Accordance with

1. Because the documents attached as Docket Numbers (Dkt.Nos.) 160–3 and 160–4 are not consecutively paginated, the court uses the page numbers assigned by the CM/ECF system which appear in the upper right corner of the filed documents.

the Court's Order Dated October 23, 2009 (Supplemental Filing or Supp. Filing), Dkt. Nos. 167–169.[2] On May 7, 2010, defendant filed its Response to Plaintiff's Supplemental Filing In Support of Plaintiff's Application for the Award of Fees and Other Expenses Pursuant to the Equal Access to Justice Act., Dkt. No. 174.

Based on the Supplementary Filing, and for the reasons more particularly described in Part II below, plaintiff is eligible for recovery under EAJA, 28 U.S.C. § 2412(d)(1)(A)(d)(2)(B), based on evidence of its size and net worth. However, the court finds certain of plaintiff's claimed expenses to be insufficiently documented to support an award. The court will afford plaintiff the opportunity to correct the deficiencies in its documentation. *See infra* Part III.

## II. Plaintiff Has Established Its Eligibility for an EAJA Award

EAJA defines a "party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed," or "any owner of an unincorporated business, or any partnership [or] corporation, ... the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed...." 28 U.S.C. § 2412(d)(2)(B)(i)-(ii).

■ The applicant bears the burden of establishing its eligibility for EAJA. *Asphalt Supply & Serv., Inc. v. United States*, 75 Fed.Cl. 598, 601 (2007); *see also Al Ghanim Combined Group Co. Gen. Trade & Cont. W.L.L. v. United States (Al Ghanim)*, 67 Fed.Cl. 494, 498 (2005); *Fields v. United States (Fields)*, 29 Fed.Cl. 376, 382 (1993), aff'd, 64 F.3d 676, 1995 WL 479327 (Fed.Cir. 1995). More specifically, "'[t]o qualify as a prevailing party, plaintiff must satisfy the eligibility requirements of both net worth and number of employees.'" *Al Ghanim*, 67 Fed.Cl. at 498 (quoting *Lion Raisins, Inc. v. United States*, 57 Fed.Cl. 505, 511 (2003)). In its Order of October 23, 2009, the court directed plaintiff to correct its Original Application in order to satisfy the financial eligibility and business size requirements stated in 28 U.S.C. § 2412(d)(2)(B)(i)-(ii). Order of Oct. 23, 2009, Dkt. No. 161, 3, 5 (allowing plaintiff an opportunity to establish that its number of employees was less than 500 people and that its net worth was less than $7 million as required by 28 U.S.C. § 2412(d)(2)(B)(ii)).

■ According to plaintiff's Supplementary Filing, plaintiff employed an accounting team recommended to it by the Italian Consulate General in New York that was familiar with the accounting techniques of Italy and the United States. Pl.'s Supp. Filing 1. Much of the review and report was conducted by two Italian CPAs, Paolo Traverso and Nick Magone. *Id.* at 1–2. The accounting report is referred to by plaintiff and by the court as the Traverso Report. *See id.* at 2 (referencing Exhibit A).[3] After examining employee tax returns for 2000 relating to 1999 and the employee registers for the Garufi Company, the Traverso Report concluded that eleven employees were employed on June 28, 1999. *Id.* at 4 (citing Traverso Report, 4). This puts the Garufi Company well within the size limitations for qualification under EAJA. *See* 28 U.S.C. § 2412(d)(2)(B)(ii) (setting the number of employees limit at 500). The Taverso Report also states that the combined total net worth of Mr. Domenico Garufi—including the assets of the sole proprietorship, the Garufi Company, and his other assets—"as of June

---

2. Plaintiff filed its Supplemental Filing To It[ ]s EAJA Application in Accordance with the Court's Order Dated October 23, 2009 (plaintiff's Supplemental Filing or Pl.'s Supp. Filing) in three consecutive docket entries, Dkt. Nos. 167–169, presumably because of size limitations for each docket entry on the CM/ECF system. The court treats Dkt. Nos. 167–169 as one Supplemental Filing.

3. Plaintiff refers to the Traverso Report as Exhibit A in its filings; however, the CM/ECF system designates attachments by numbers, not letters. *See* Dkt. Nos. 167–1, 167–2, 167–3 and 168–69. For purposes of this order, Exhibit A corresponds to Attachment 167–1 on the CM/ECF system. Further, the Traverso Report is separated into three different exhibit numbers, 167–1, 167–2 and 167–3. The court refers to the complete document as the Traverso Report and cites to page numbers assigned by plaintiff.

28, 1999" was "equivalent to $1,593,429.32."[4] Traverso Report, 41.

## III. Insufficient Documentation of Certain Fees and Expenses: Opportunity to Supplement

■ Plaintiff's record of time and expenses by its Italian attorneys consists of a list of the attorneys' names and a partial list of the attorneys' total number of hours and the hourly payment rates for each attorney. *See* Dkt. No. 160–4 (Declaration of Joseph Interdonato in Support of Supplement to Plaintiff's Application for Fees and other Expenses under the Equal Access to Justice Act), 4, 8. For example, Joseph Interdonato[5] is listed as spending "36 days in the U.S. [at] $3,000.00/day" and as providing "[a]ssistance in Italy [at] $200.00/hour for 300 hours." *Id.* at 8. Plaintiff does not provide the dates on which Mr. Interdonato provided services, or any explanation as to how the hours were spent by Mr. Interdonato—in particular, how his activities contributed to plaintiff's prosecution of the case. *See id.* Not only are the time records inadequate, but the rough breakdown of the Italian attorneys' travel expenses into three broad categories—"Airfare," "Hotel & Restaurant" and "Cash Disbursements"—is insufficiently detailed. *See id.* at 5–7. The court requires more than a list of lump sums of expenses when determining EAJA reimbursement. As submitted by plaintiff, the documentation of "Costs associated with the Conserv Bid Litigation in US," *id.* at 4, is inadequate. The format and content of Docket Number 160–4 does not provide the court with an "itemized statement," nor does it provide an adequate basis upon which the court can determine "the actual time expended and the rate at which fees and other expenses were computed" as required by EAJA. 28 U.S.C. § 2412(d)(1)(B) (requiring that "[a] party seeking an award of fees and other expenses [under EAJA] shall ... submit to the court an application ... [which shall] includ[e] an itemized statement from any attorney ... representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed").

In *Owen v. United States*, 861 F.2d 1273, 1275 (Fed.Cir.1988), the Court of Appeals for the Federal Circuit (Federal Circuit) found plaintiff's documentation insufficient: "contemporaneous records of the exact time spent by attorneys on a case, their status and usual billing rates, and a breakdown of expenses" were necessary in order to meet the sufficiency standard under EAJA. *See* 28 U.S.C. § 2412(d)(1)(B). Further, in *Naporano Iron & Metal Co. v. United States*, 825 F.2d 403, 404 (Fed.Cir.1987), the Federal Circuit held that claim documentation was insufficient when it showed periodic billings "generally indicating the total billing for the month and allocable 'Disbursements' for the billed period." The *Naporano* court concluded that it could not "determine whether the hours, fees and expenses [reported by the plaintiff], [were] reasonable for any individu-

---

**4.** The Traverso Report contains an internal discrepancy regarding the net worth calculation. At one point the Traverso Report states that: "the total combined net[ ]worth of Mr. [Domenico] Garufi" is valued at "1,502,000[.]00." Traverso Report 2. However, later, the Traverso Report states: "the total combined value of the net worth of Mr. Domenico Garufi was $1,593,429.32." Traverso Report 41. In its supplementary briefing, plaintiff also uses the $1,593,429.32 figure to describe Mr. Domenico Garufi's net worth. Pl.'s Supp. Filing 4. In its October 23, 2009 Order the court requested information regarding the aggregate net worth of Mr. Garufi and the sole proprietorship on the date the complaint in this action was filed: June 28, 1999. Order of October 23, 2009, Dkt. No. 161. The Traverso Report uses the correct date, June 28, 1999. Traverso Report 3 (noting the exchange rate on June 28, 1999), 41 (containing handwriting that crosses off June 28, 2009 and substitutes June 28, 1999 as the date Mr. Domenico Garufi's net worth was calculated). The difference in dollar amount between the two figures used in the Traverso Report, whatever its source, is not legally significant.

**5.** It is unclear whether Mr. Interdonato is an attorney. *See* Dkt. No. 160–4 (Declaration of Joseph Interdonato In Support of Supplement to Plaintiff's Application for Fees and other Expenses under the Equal Access to Justice Act), 10–15. Only Mr. Sam Gdanksi, Mr. Enzo Trantino and Mr. Sandro Attansio are explicitly listed as attorneys. *See* Dkt. No. 160–4, 10. Plaintiff shall clarify which persons listed in Docket Number 160–4 are Italian attorneys and, whether they are attorneys or support staff, their role in the litigation.

al item" without the provision of an itemized statement to the court. *Id.*

Before deciding whether an EAJA award is due to plaintiff, the court provides plaintiff with the opportunity to provide the court with an itemized statement of the hours and expenses of plaintiff's Italian attorneys. *See* Dkt. No. 160–4, 4–15. In order for the court to determine if hours claimed are proper and therefore may be reimbursed, the documentation provided by plaintiff must be specific enough for the court to determine whether the hours reported were necessary or duplicative. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (stating that it is the party seeking fees' responsibility to "submit evidence supporting the hours worked and rates claimed [and][w]here the documentation of hours is inadequate, the [ ] court may reduce the award accordingly"); *Rode v. Dellarciprete,* 892 F.2d 1177, 1188 (3rd Cir.1990).[6] In *Rode,* the Court of Appeals for the Third Circuit (Third Circuit) held that the records submitted by plaintiffs were sufficient and that the district court had erred in adopting the standard employed by the Court of Appeals for the Eleventh Circuit in *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir.1988). The Third Circuit held that "the [attorneys' fees] evidence submitted [by plaintiffs] is specific enough for the district court to decide if the work is proper and compensable." *Rode,* 892 F.2d at 1189. The Third Circuit therefore reversed the district court's decision to reduce hours for "lack of specificity." *Id.* The *Rode* case demonstrates what minimally adequate support for a fee award requires: "[plaintiffs] submitted a computer-generated chronological list of the tasks performed and the time devoted to those tasks by the two attorneys ... who worked on the case." *Id.* The Rode court notes that "[plaintiffs] also submitted many of the actual time slips used to generate the computer list" and that "from October, 1985 to March, 1987, [plaintiffs] submitted to the district court monthly statements of time [that] explained work performed, the hours necessary to perform the work and the total time worked each month by each attorney, paralegal and law clerk." *Id.* The Third Circuit specifically found that the district court had gone too far in interpreting *Norman* "as requiring summaries of overall time expended per task." *Id.* at 1190. Instead, the court held that "summaries were unnecessary because a chronological listing of time spent per activity by attorneys is essentially a summary of the time spent per task." *Id.* In this case, plaintiff shall refer to the reports as submitted by plaintiffs in *Rode, see id.* at 1191, n. 13, for guidance on the level of detail necessary to meet the requirements for specificity in an attorneys' fee petition. *Id.* Plaintiff is instructed to provide time sheets for its Italian attorneys, or—if time sheets are not available—a more detailed description of work performed by its Italian attorneys including specific dates, hours logged and a description of work performed. As a guide, plaintiffs can refer to its own filing documenting the work of Gdanski & Gdanski, LLP. *See* Dkt. No. 160–3, 7–17.

Plaintiff shall supplement its records to conform to the requirement of an "itemized statement." *See* 28 U.S.C. § 2412(d)(1)(B). While actual time sheets are not required, *see United States v. Guess,* 390 F.Supp.2d 979, 992 (S.D.Cal.2005), the court may ask for "additional substantiation of specific tasks and allocated attorney time ... [that] must be provided before a reasonable fee award can be determined." *Id.* The court is unaware of authority that suggests that plaintiff is not required to meet EAJA specificity standards for an award that includes the time of the Italian counsel. The court in *Guess* held that plaintiff could "meet its expenses substantiation obligation either by providing actual time sheets ... or ... the declarations of the individuals who performed the tasks sought to be reimbursed, attesting under oath to the time spent in specified categories of activity ... in [the] case[ ] with enough detail to enable the [c]ourt to evaluate the reasonableness of the

---

**6.** The court suggests *Rode v. Dellarciprete,* 892 F.2d 1177 (3rd Cir.1990) as an example in order to provide plaintiff with a model for its supplementation of its application for attorneys' fees because the Rode court included examples of sufficient documentation in the text and footnotes of its opinion. *See id.* at 1191, n. 13.

award sought." *Id.* (citing *Dennis v. Chang,* 611 F.2d 1302, 1308 (9th Cir.1980) (holding that affidavits from counsel were adequate evidence for the court to calculate a fee award despite the fact that detailed time sheets were available)). Defendant is encouraged to use the following cases and, where possible, filings made in the cases, as models for its compliance with 28 U.S.C. § 2412(d)(1)(B) and this order: *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *Rode v. Dellarciprete,* 892 F.2d 1177 (3rd Cir.1990), *Dennis v. Chang,* 611 F.2d 1302 (9th Cir.1980), *Shalash v. Mukasey,* 576 F.Supp.2d 902 (N.D.Ill.2008) and *United States v. Guess,* 390 F.Supp.2d 979 (S.D.Cal.2005).

IV. Conclusion

Although it is not obligated to do so, the court provides plaintiff the opportunity to supplement its Original Application by providing the documentation described in this order. Plaintiff shall either file with the court and serve on defendant a Second Amended Application for the Award of Fees and other Expenses under the Equal Access to Justice Act (Second Amended Application) in conformance with the foregoing guidance or a notice that it does not intend to file a Second Amended Application, on or before Wednesday, September 1, 2010 at 5:00 p.m. Eastern Standard Time (EST). Defendant may file a response on or before ten business days after plaintiff's filing of a Second Amended Application.

IT IS SO ORDERED.